```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Denzel Devon Vandiver,                    )<br>                                                       )<br>                   Plaintiff,              )<br>                                                       )    Civil Action No. 8:17-cv-3147-BHH<br>v.                                                  )<br>                                                       )<br>Kristen Swanson; Quantinisha Grove;   )    **ORDER**<br>Eric Butler; Alvin Berry; Walmart Stores, )<br>Inc.; Tanya Griggs; and Joseph Conway,)<br>                                                       )<br>                   Defendants.          )<br>_____)| |

Plaintiff, proceeding pro se, filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17, alleging wrongful termination and gender discrimination. In addition to naming his employer, Walmart Stores, Inc. ("Walmart"), as a Defendant, Plaintiff names several supervisors and coworkers as Defendants: Kristen Swanson, Quantinisha Grove, Eric Butler, Alvin Berry, Tanya Griggs, and Joseph Conway.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On February 13, 2018, Magistrate Judge Kaymani D. West issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court partially dismiss the Amended Complaint in this action insofar as it names Kristen Swanson, Quantinisha Grove, Eric Butler, Alvin Berry, Tanya Griggs, and Joseph Conway as Defendants in Plaintiff's Title VII claim. The Magistrate Judge also issued a separate order authorizing service of process on Plaintiff' employer, Defendant Walmart.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right

to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's findings.  Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 18), and the Court partially dismisses the Amended Complaint as to Defendants Kristen Swanson, Quantinisha Grove, Eric Butler, Alvin Berry, Tanya Griggs, and Joseph Conway.  The action remains pending against Defendant Walmart Stores, Inc.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

March 6, 2018
Charleston, South Carolina